Case No. 12-35986

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

TIMOTHY L. BLIXSETH

Appellant,

v.

YELLOWSTONE MOUNTAIN CLUB, LLC, et al.

Appellees,

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA, BUTTE DIVISION, CASE NO. 2:11-CV-00073-BU-SEH
HONORABLE SAM E. HADDON, DISTRICT JUDGE, PRESIDING

---

**YCLT'S RESPONSE TO SHOW CAUSE SUBMISSIONS FILED BY
MICHAEL J. FLYNN, TIMOTHY L. BLIXSETH, CHRISTOPHER J.
CONANT, MICHAEL J. FERRIGNO AND PHILIP STILLMAN**

Charles W. Hingle (1947)
Shane P. Coleman (3417)
HOLLAND & HART LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, Montana 59103-0639
chingle@hollandhart.com
spcoleman@hollandhart.com
Phone: 406-252-2166
Facsimile: 406-252-1669

Robert R. Bell
MULLIN HOARD & BROWN, LLP
Amarillo National Plaza Two, Suite 800
500 South Taylor, Lobby Box #213
Amarillo, Texas 79101-2445
rbell@mhba.com
Phone: 806-372-5050
Facsimile: 806-372-5086

**Attorneys for Yellowstone Club Liquidating Trust**

Yellowstone Club Liquidating Trust ("YCLT") files this Response to Michael J. Flynn's Response to Order to Show Cause (Doc. No. 78-1) ("Flynn Response"), Timothy L. Blixseth's Response to Proposed Sanctions (Doc. No. 84) ("Blixseth Response"); Christopher J. Conant's Response to the Court's Order to Show Cause (Doc. No. 77) ("Conant Response"); Michael J. Ferrigno's Response to the Court's Order to Show Cause (Doc. No. 76) ("Ferrigno Response"); and Philip Stillman's Amended Response to the Court's Order to Show Cause and Request For a Hearing Pursuant to Local Rule 46(c) (Doc. No. 86) ("Stillman Response").

## I. INTRODUCTION

As this Court is aware this action arises out of the efforts of Timothy Blixseth ("Blixseth") and his counsel, including Michael J. Flynn ("Flynn"), Christopher J. Conant ("Conant"), Michael J. Ferrigno ("Ferrigno") and Philip Stillman ("Stillman"), to have United States Bankruptcy Judge Ralph Kirscher disqualified from Yellowstone Club bankruptcy cases pending in the District of Montana. Blixseth first moved to disqualify Judge Kirscher in 2010, alleging that he was part of some mythical "grand conspiracy." Predictably, these accusations have not been made against Judge Kirscher alone. Among those Blixseth has accused of conspiring or being biased against him are federal judges and law clerks, attorneys and law firms

involved in the Yellowstone Club cases, and political figures and institutions, including the Governor of Montana. (Exh. A at pp. 3-9) Blixseth's grand conspiracy theory even reaches to Washington, D.C., where, in a recent letter, Blixseth added Attorney General Eric Holder and his Deputy, Lanny Breuer, to the ever-growing list of individuals allegedly out to get him. (Exh. B).

None of these accusations have ever been found to have merit. Indeed, as it relates to Judge Kirscher, on February 18, 2014 this Court determined that "Blixseth's claims are a transparent attempt to wriggle out of an unfavorable decision by smearing the reputation of the judge who made it. The bankruptcy court was correct in denying the recusal motion, as was the district court in affirming." (Doc. No. 68-1 at p. 12). Additionally, on February 18, 2014 this Court ordered Blixseth and his counsel to show cause why they should not be sanctioned for filing this frivolous appeal. (Doc. No. 69). All counsel and Blixseth complied with the Court's Order.

## II. SUMMARY OF ARGUMENT

Neither Blixseth nor Flynn show any remorse for their conduct. Instead, they both continue to argue that this Court simply got it wrong and, in fact, indicate that the Ninth Circuit has joined the vast conspiracy to persecute Blixseth. More disturbing, however, is their continued citation to

"evidence" that they know to be of highly questionable credibility. This issue was fully briefed before this Court in connection with Blixseth's request for an emergency stay of proceedings before Judge Kirscher. (Doc. No. 52). In the Emergency Stay Motion Blixseth and his counsel (including Flynn, Conant, Ferrigno and Stillman) submitted this same questionable evidence for this Court's consideration. *Id.* YCLT responded and pointed out in detail that the evidence relied upon was not reliable. (Doc. No. 55). This Court denied Blixseth's request for stay. (Doc. No. 57).

As will be shown below, and has been shown previously to this Court, there are serious issues with respect to the authenticity of the "evidence" allegedly obtained from the computer of Blixseth's ex-wife. (Doc. No. 55). Yet, Flynn and Blixseth fail to inform this Court that there are serious issues that have been raised as to authenticity of these documents. Flynn also relies on "evidence" from the internet. As YCLT has already pointed out to this Court, a cursory review of that internet information demonstrates that the information is unreliable.

Finally, while Conant has not cited this "evidence" in the Conant Response, he has otherwise cited some of this "evidence" in a letter to this Court, allegedly in support of a complaint of judicial misconduct against Judge Kirscher. See Michael J. Flynn Declaration (Doc. No. 78-2) at

Exhibit 5. Ferrigno and Stillman appeared as counsel for Blixseth and signed the Emergency Stay Motion. (Doc. No. 52).

### III. ARGUMENT

Flynn and Blixseth continue to rely on "evidence" they ought to have reason to believe (1) has been altered; and (2) is demonstrably unreliable.

### A.    Documents allegedly retrieved from his ex-wife's computer

Flynn and Blixseth refer to two documents that were allegedly obtained from the computer of his ex-wife, Edra Blixseth ("Edra"). Specifically, there are two memos that are attached as Exhibits 2 and 3 to the Flynn Declaration. (Doc. No. 78-2).

Flynn and Blixseth refer to this "evidence" as "authenticated" or "admissions" by Edra. (Doc. No. 84 at 4; Doc. No. 78-1 at 4). Significantly, however, Flynn and Blixseth fail to tell the Court that there are serious questions about the authenticity of this "evidence." Such failure is simply bewildering because Flynn, Blixseth, and Blixseth's other counsel are fully aware of the serious authenticity issues with this "evidence." *See In re Coquico, Inc.,* Case No. 13-16049 (Bankr. E.D. Pa. April 2, 2014) (imposing sanctions against counsel for "later advocation a position after learning that the position no longer has merit.") (internal quotation

omitted).[1]  Specifically, not only was this issue previously briefed before this very Court, but this issue was brought to Blixseth's and his counsels' attention in connection with a recent challenge to the property settlement ("Marital Settlement Agreement") in the divorce proceedings between Blixseth and Edra.   In that proceeding, Blixseth brought a Motion for Sanctions and proffered these same exhibits in partial support of that relief.  In response to that Motion for Sanctions, Edra and her counsel filed affidavits and supporting documents that conclusively demonstrate that the "evidence" is forged.  (Exh. C).   On January 31, 2013, the Motion for Sanctions in the divorce court was "taken off calendar without prejudice." (Exh. D).   Blixseth apparently re-filed the motion, but the divorce court denied the motion by minute order on February 20, 2014.  (Exh. P).

Exhibit 3 to the Flynn Declaration (Doc. No. 78-2) is allegedly an eight-page memo from Edra to her lawyer regarding the Marital Settlement Agreement (the "MSA memo").  In that memo, Flynn and Blixseth point to the following statements as evidence of Judge Kirscher's alleged bias and corruption: "Remember we have added help there from the BK Judge who loves us, and hates Tim and Mike Flynn.  At this point they could not get a

---

[1] Despite being on notice that these exhibits were false, Flynn includes them as Exhibits 2 and 3 in the declaration attached to the Flynn Response (the "Flynn Declaration".)

decent ruling in their favor from the Judge if they tried. Either way SB and BS have things in place in that courtroom to help us. We need to make sure the validity of the MSA never ends up being decided by Judge Waters. That would be a nightmare for all of us." In the Response to the Motion for Sanctions, however, compelling evidence was presented that this portion of the document has been altered, is fraudulent and a forgery. (Exh. C).

Specifically, Edra's lawyer provides a September 20, 2009 e-mail from Edra wherein she attaches the original MSA memo. (Exh. C). The original MSA memo at first glance appears identical to the exhibit submitted and relied on by Flynn and Blixseth. Closer examination reveals, however, that the MSA memo provided by Edra to her lawyer does not contain the statement set forth above. (*Id.*) Additionally, Edra's lawyer at the time the original memo was drafted, asked Edra to cut and paste the MSA memo into an e-mail so that he could read it on his Blackberry. (*Id.*) Significantly, that contemporaneous copy of the memo in the Blackberry e-mail (which is also attached to the affidavit) does not contain the statement set forth above. (*Id.*) Simply stated, it is abundantly clear that the evidence submitted to this Court is not authentic and has indeed been altered. Nevertheless, Flynn and Blixseth never mention even the hint of a problem with authenticity and, in

fact, refer to this "evidence" as "authenticated" (Doc. No. 84 at 4) or "admissions" by Edra (Doc. No. 78-1 at 4).

The allegations that the document has been authenticated or is an admission are based on Edra's December 2012 deposition wherein she allegedly authenticated the altered MSA memo. This is an outright misrepresentation of the record. The deposition transcript in this regard consists mainly of sparring between lawyers as to whether the document can even be used. (Exh. E). In her deposition Edra was shown the seven-page altered MSA Memo that, as shown, at first glance has the appearance of being identical to the original MSA memo. The statement upon which Flynn and Blixseth rely (and which was added) appears on the last page of the seven page document. What is abundantly clear, however, is that Edra did not authenticate the alleged statements in the document on which Flynn and Blixseth place so much reliance.

With respect to Exhibit 3 to the Flynn Declaration (Doc. No. 78-2) (the "MSA Bullet Points Memo"), Flynn and Blixseth again point to alleged statements reflecting some type of a belief that Judge Kirscher has been improperly influenced. According to Edra, the MSA Bullet Points Memo is "completely manufactured. I didn't type it and I have never seen it before." (Exh. C).

Making matters even worse, Flynn and Blixseth allegedly received, and rely in the entirety on, this information from Dennis Montgomery, a former business partner of Edra. (Exh. F). As such, the credibility of Montgomery is critical to the resolution of this matter. However, according to one litigant who brought suit against Montgomery to block his discharge in bankruptcy, Montgomery has a pattern of "lying under oath." (Exh. G at pp. 5-6). Further, according to this litigant, "Montgomery's *modus operandi* is to conceal documents and money." (*Id.*). This litigant is none other than Michael Flynn. Flynn is represented in that action by Conant. (Exh. H). In the Montgomery bankruptcy case, Flynn alleged that Montgomery defrauded the United States government. To that end, Montgomery asserted his Fifth Amendment rights over 200 times in the deposition that was taken in that case by Conant on Flynn's behalf. (Exh. I). In this same deposition, Flynn accused Montgomery of being a "computer hacker" and a "fraud." (Exh. I at p. 231).

The above-referenced lawsuit stems from a sanction award Flynn received from the United States District Court in Nevada against Montgomery. In that action, the court concluded that "Mr. Montgomery's September 2007 declaration contained untrue statements, which he knew were untrue." (Exh. J at p. 1). The court further ordered that a copy of its

order was to be sent to the Office of the United States Attorney. (Exh. J at p. 53).

Despite the foregoing history, Flynn and Blixseth now submit to this Court computer related "evidence" that was allegedly obtained from the same Dennis Montgomery who in Flynn's own words, is a "fraud" has a pattern of "lying under oath" and is a "computer hacker." Apparently, when Montgomery is providing "evidence" that is allegedly helpful to their cause, his past pattern of "lying under oath" is of no concern. YCLT submits that for this reason alone this Court is entitled to, and should, disregard entirely everything provided by Montgomery, who, according to a United States District Judge and Flynn, is a liar.

**B. Judge Kirscher's alleged relationship with his former law firm.**

Flynn continues to assert that Judge Kirscher maintains some type of relationship with his former law firm, Worden Thane, P.C., which he left in 1999 when he took the bench. What is the smoking gun that proves these serious allegations? The internet — which we all know is never wrong. Flynn maintains that there is "documentary evidence" of Judge Kirscher's private e-mail accounts with his former law firm. (Doc. No. 78-1 at ¶ 3). This allegation was previously made in the Emergency Motion to Stay and was based on information obtained from intelius.com. According to

9

intelius.com the email address of <u>rkirscher@wthlaw.net</u> is currently associated with Judge Kirscher. However, when one goes to that website there is a section above the email address that is entitled "What is an Email Lookup?" and states that it contains current and historical information. (Exh. K). No one denies that Judge Kirscher once had an email address at Worden Thane, since he once worked there. Blixseth and Flynn failed to present any evidence that Judge Kirscher has a Worden Thane address now relying instead on innuendo related to the Judge's prior association with that firm. The information from the intelius website, however, in no way proves Judge Kirscher has a current email address there. In fact, attached hereto is an email that counsel for YCLT received from one of Worden Thane's partners, Ronald Bender. (Exh. L). This email shows that Worden Thane has adopted a new e-mail address (wordenthane.com as opposed to wthlaw.net). More specifically, Mr. Bender's email address is <u>rbender@wordenthane.com</u>, not rbender@wthlaw.net. (Exh. L).

Finally, Flynn's citation to an article in the Sacramento Bee is typical. (Doc. No. 78-1 at p. 5). It is readily apparent from a reading of the article that the source for the information concerning Judge Kirscher is Blixseth or one of his legion of lawyers. In other words, scandalous information is fed

to the media and then the article from media outlet is cited as support for the information provided.

## IV. CONCLUSION

When provided with an opportunity to show why sanctions ought not to be entered against them, Flynn and Blixseth submit evidence in support of their response that is, at best, of highly questionable validity. Their responses are particularly astounding because they have been warned on at least two occasions about the questionable validity of this evidence. Nevertheless, they continue to attach this "evidence" to legal pleadings and refer to the "evidence" as "authenticated" or "admissions" made by Edra. Simply stated, the evidence is fraudulent and they know it.

Perhaps most telling is the action taken by Blixseth after his Motion to Stay Proceedings was denied by this Court. Pending before the Bankruptcy Court was a Rule 9024 Motion wherein Blixseth sought to have the Judgment entered against him in AP-14 vacated based on the same "evidence" he now submits to the Court. (Exh. M). A hearing on this Motion had been set for September 10, 2013; however, on September 5, 2013 Blixseth simply withdrew his Rule 9024 Motion after his stay motion was denied by this Court. (Exh. N). In other words, when given his opportunity to place this "evidence" before a court and subject it to rigorous

cross-examination Blixseth raised the proverbial white flag. The bankruptcy court vacated the hearing based on the withdrawal. (Exh. O).

Equally telling is that some of the lawyers in this case have adopted the arguments made by other lawyers in connection with this issue. (Doc. No. 77 at p.1; Doc. No. 86 at p. 5). Notably no one has adopted any of the arguments set forth in the Flynn Response or the Blixseth Response.

The responses of Flynn and Blixseth to this Court's Order to Show Cause betray no remorse or any coherent explanation for their behavior. They rely on questionable sources and material to promote the same conspiracy theory rejected by this and other courts. Their responses should be rejected as well.

DATED this 17th day of April, 2014.

/s/ Robert R. Bell

Robert R. Bell
MULLIN HOARD & BROWN, LLP
Amarillo National Plaza Two, Suite 800
500 South Taylor, Lobby Box #213
Amarillo, Texas 79101-2445
rbell@mhba.com

ATTORNEYS FOR YCLT

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the YCLT's Response to Show Cause Submissions filed by Michael J. Flynn, Timothy L. Blixseth, Christopher J. Conant, Michael J. Ferrigno and Philip Stillman is proportionally spaced in serif font (Times New Roman), has a typeface of 14 points, and contains 2,509 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This response was prepared using Microsoft Word and the word count was determined using the Microsoft Word word count application.

Dated:  April 17, 2014                    /s/ Robert R. Bell_____
                                          Robert R. Bell

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of April, 2014, I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following counsel of record for Blixseth:

Christopher Conant
Conant Law LLC
730 17th Street, Suite 200
Denver, CO 80202
cconant@conantlawyers.com

Michael John Ferrigno
Law Office of Michael J Ferrigno PLLC
Suite 486
1200 N. Main Street
Meridian, ID 83680
michael.ferrigno@ferrigno-law.com

Michael James Flynn Sr.
Michael J. Flynn
P.O. Box 690
6125 El Tordo
Rancho Santa Fe, CA 92067
mike@mjfesq.com

Patrick Fox
Doubek Pyfer & Fox LLP
P.O. Box 236
Helena, MT 59624
patrickfox@doubekpyfer.com

/s/ Robert R. Bell
Robert R. Bell