# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

## NO. 12-35986

---

TIMOTHY L. BLIXSETH

Appellant,

v.

YELLOWSTONE MOUNTAIN CLUB, LLC
YELLOWSTONE DEVEOPMENT, LLC
BIG SKY RIDGE, LLC
YELLOWSTONE CLUB CONSTRUCTION CO., LLC

Appellees.

---

### MICHAEL J. FLYNN'S REPLY TO YCLT'S, CROSS HARBOR'S, THE YELLOWSTONE MOUNTAIN CLUB'S, THE DEBTORS', AND SUNRISE RIDGE'S RESPONSE TO THE ORDER TO SHOW CAUSE

---

Appeal from the United States District Court for the District of Montana
Case No. 2:11-73-BU-SEH

---

Michael J. Flynn
One Center Plaza, Suite 240
Boston, MA 02108
mike@mjfesq.com

1

Attorney Michael Flynn herewith replies to the YCLT's, Cross Harbor's, the YMC's, the debtors, and Sunrise Ridge's Responses to the Court's order to show cause why Appellant and his attorneys should not be sanctioned for filing the appeal in the *disqualification* matter. In their Responses, the appellees have created evidentiary issues as to the evidence I relied upon as an advocate for Mr. Blixseth in support of our motion to disqualify Judge Kirscher and then our decision to seek review in the Ninth Circuit. If these sanctions are upheld under these circumstances, the Court will effectively chill any litigant's right to challenge a judge for bias while sweeping under the rug documents forensically authenticated in which the central figure in the Montana bankruptcy cases before Judge Kirscher *admitted* that the proceedings were rigged. An abundance of supporting evidence relied upon by Mr. Blixseth's attorneys supports the same inescapable conclusion. The Ninth Circuit can itself authenticate all of this evidence, as did the Blixseth attorneys. Notably, the Chief Judge *never* addressed these two documents in his dismissal of the judicial misconduct complaint. Sanctions in this matter are themselves indicative of a failure to

address these admissions, to disclose the emails of Judge Kirscher and to intimidate Mr. Blixseth and his counsel into submission.

Mr. Flynn herewith adopts the arguments and briefing of his co-counsel, and incorporates their positions herein as if fully stated. Mr. Flynn also invokes F.R.A.P. 46(c) and Circuit Rule 46-2(d),(e) and requests an evidentiary hearing as recited below. The purpose of this Reply, as was the original Response to the OSC, is to present the facts and the law *as the undersigned analyzed them* as an advocate for Mr. Blixseth as trial counsel in AP 14 having actually observed Judge Kirscher during the AP 14 trial. The appellees misconstruction of this primary issue is demonstrated in their gratuitous, irrelevant, *ad hominem* attacks on me and co-counsel. This should alert the Court to their utter failure to address this critical issue in their Responses.

Given the Court's order on the OSC presumably invoking its "inherent power," it is now plain to the undersigned after 44 years of litigating in the federal court system that it is in a crisis. The law and the rules are often not followed by a growing number of federal courts, and, specifically, gross deviations from the rules and fundamental due process, as occurred here, routinely occur in many bankruptcy courts,

3

particularly in large money cases, of which this case is reportedly the largest bankruptcy in Montana history. See LoPucki: "*Courting Failure: How Competition for Big Cases is Corrupting the Bankruptcy Courts.*" 97-122 (2005). It is likely that the Supreme Court in *Stern v Marshal* and *Executive Benefits* (*In re Bellingham*) is attempting to correct a run away freight train of judicial corruption.

My 44 years of experience and my conscience tells me that I am being sanctioned because I am exposing the systemic corruption now commonly present in the bankruptcy system and rapidly gaining District and Circuit Court acceptance.

Based on my analysis of the totality of the circumstances and the documentary evidence, and my observations as trial counsel, it became obvious in this case that there were such deviations from judicial propriety as to suggest the corruption of the judicial process by the assertion of "political pressure" in the Montana Bankruptcy Court – which is exactly what one email states. (See Exhibit 1 to Flynn Dec., Dokt 78-2). Mr. Burkle's approximately $1.5 million in "donations" and meetings with the Montana Governor at the same time he and Mr. Byrne were acquiring the Yellowstone Club ("YC") and putting it into

4

bankruptcy through collusion with Edra Blixseth, the hiring of Mr.
Patten – Judge Kirscher's "best friend" who repeatedly engaged in what
I considered wholly improper *ex parte* communications, the remarkable
admissions of Edra Blixseth in two forensically authenticated
documents, the judicially sanctioned criminal conduct of Edra Blixseth,
all suggested gross deviations from the rules governing our system of
justice. It will now require independent jurists to correct this
demonstrable miscarriage of justice.

The rulings, orders and conduct by the Montana bankruptcy judge
and now by the Chief Judge, in my professional analysis, involves the
exercise of raw power in further deviation from the rules of
fundamental fairness; and the "scapegoating" of Mr. Blixseth and his
attorneys for seeking Judge Kirscher's disqualification; and then
retaliating for seeking remedial assistance from the Judicial
Conference. My January 31, 2014 letter to the Judicial Conference
(Exhibit 7 to my Declaration, Dokt 78-9) recites the basic facts involving
Judge Kosinski's holding the Judge Kirscher investigation in connection
with our judicial misconduct complaint "in abeyance." This is directly
analogous to what Judge Kosinski did in connection with Judge Cebul

and his "mootness" order, where he was subsequently ordered by the Judicial Conference to make public Judge Cebul's emails.

Here, the circumstances are far more serious than the Cebul emails which did not involve a specific case. The Yellowstone Club and Edra Blixseth bankruptcies involve allegations of judicial misconduct directly impacting the distribution of a billion dollars in assets, and the targeting of my client in an ex parte "deal" made *at a hotel* between Judge Kirscher and my client's adversaries. Yet, Judge Kosinski seeks to sanction Mr. Blixseth and his lawyers for raising these issues, while issuing an "abeyance" order on the judicial misconduct complaint which directly concealed Judge Kirscher's emails. These emails are at the heart of the disqualification motion, the judicial misconduct complaint, the reappointment of Judge Kirscher, and finally directly impact Judge Kosinski's sanctions order. It is plain from Judge Kosinski's involvement in the Judge Cebul case that it became a "political football" in Montana and in the Circuit Court system. The Judge Kirscher matters involve the same political forces. But here the issues and the evidence are far more serious. Judge Kosinski's attempt to stop the disclosure of the Judge Cebul emails with "mootness," subsequently

rejected by the Judicial Conference, is benign compared to his orders on these matters which include the suppression of the Kirscher emails in the face of evidence that Judge Kirscher maintained an email account with his prior law firm to whom he awarded $22 million with no trial; and two forensically authenticated documents from Edra Blixseth to her lawyer that the bankruptcy proceedings were rigged based on the expenditure of "enormous capital and political favors" by Mr. Byrne, Burkle and the Montana Governor. These facts mandated investigation – not an "abeyance" issued by Chief Judge Kosinski.

The conundrum for me is that I have had to appeal these matters to the very judges, Judge Kirscher and Judge Kosinski, who, pursuant to my duties of advocacy, are exercising their powers without following the rules. Thus, I am forced to challenge their judicial authority to conduct these matters, thereby invoking their ire, anger and retaliation, and the potential ire of their colleagues, which I believe has resulted in the sanctions and a gross miscarriage of justice to my client and now to his attorneys. Throw into this mix, the undisclosed relationships and potential communications of Judge Kosinski's wife, a former U.S. Trustee within the federal bankruptcy system, and Judge Kosinski's

"abeyance" of the misconduct investigation, and this Court is confronted with potential judicial manipulation to protect a colleague, which, under the law, mandates the purest means of judicial independence and review by the most untainted members of the Ninth Circuit. If this Court is to uphold our system of justice, rather than making myself, and my client and colleagues, sacrificial lambs under a false rubric of upholding the law in order to conceal demonstrable judicial bias, it should order the following:

1. Mr. Flynn respectfully requests the disqualification of Chief Judge Kosinski on the following grounds: (a) his wife is a former U.S. Trustee, and all communications that his wife has had on this matter should be disclosed, and her emails produced; (b) in his position as Chief Judge he was in charge of the Judicial Council misconduct complaint against Judge Kirscher, and placed those proceedings "in abeyance," notwithstanding documented evidence of corruption, thereby preventing the disclosure of bankruptcy Judge Kirscher's emails, as was required by the Judicial Conference regarding Judge Cebul; (c) in his position as Chief Judge he was in charge of the reappointment committee involving Judge Kirscher and sanctioned his

reappointment after the expiration of the time mandated for reappointment, and after staying the investigation into Judge Kirscher's conduct specifically involving the production of his emails, thereby thwarting review by the Ninth Circuit of Judge Kirscher's communications; (d) he exercised the inherent powers of the Ninth Circuit to sanction myself, Mr. Blixseth's attorneys, and Mr. Blixseth for filing the disqualification appeal but continually referencing "no judicial misconduct," thereby inserting into that appeal the matters relating to reappointment and the judicial conduct complaint, and effectively destroying Mr. Blixseth's right to counsel and fundamental right to be heard, all of which improperly influenced the disqualification appeal; (e) Judge Kosinski displayed a lack of judicial propriety in the oral argument proceedings on the *disqualification* appeal repeatedly asserting to Mr. Flynn that there was "no judicial misconduct," when the applicable standard under review at that proceeding was "appearance of bias," thereby injecting into the appeal his positions with the Judicial Council and the Reappointment Committee; (f) his sanctions order smacks of overt retaliation for Mr. Blixseth and his attorneys pursuing their lawful remedies with the Judicial Conference

in connection with my letter dated January 31, 2014 attached as
Exhibit 7 (Dkt 78-9) to my Declaration filed in Response to the OSC; (g)
Judge Kosinski in an unfounded finding ruled that I have "smeared"
Judge Kirscher when all I have done is to expose his conduct within the
rules and filings with the appropriate federal agencies – I am not
responsible for what has appeared in any form of media other than
court and Public Integrity filings; (h) in an improper zeal to reappoint
Judge Kirscher, and absolve him of misconduct, Judge Kosinski ignored
the underlying facts in the disqualification appeal, more specifically
ignoring the remarkable admissions of the central figure, Edra Blixseth,
in these matters; and is now scapegoating Mr. Blixseth's counsel,
thereby substituting his own bias on whether the facts and evidence
*within the scope of our professional judgment* acting as advocates for
our client warranted sanctions for our request for judicial review by the
Ninth Circuit of the disqualification matters .

2.  With their filings, the appellees have injected scurrilous,
irrelevant, unfounded, blatantly false and/or misleading allegations
*relating to me* that should compel this Court to either strike their
briefing and exhibits or conduct an evidentiary hearing into the truth or

falsity of the few relevant issues in their pleadings, including the credibility of Edra Blixseth.

3. Mr. Flynn requests an evidentiary hearing into the authenticity of the two documents I relied upon on the Edra Blixseth computers, one of which she authenticated in a deposition, which authentication by her I specifically relied upon. Specifically, I relied upon the forensic examination of Mr. Whiteford who authenticated the metadata on the documents at issue with the "time clock" on the Edra Blixseth computer. I request that the Ninth Circuit use its forensic expert to analyze the metadata; and that Mr. Whiteford be allowed to testify on these matters; and that Edra Blixseth be compelled to appear. See Whiteford Declaration attached as **Exhibit 2** to Flynn Supp Dec. The appellees failed to inform the Court that they have never sought examination of the hard drives to challenge the authenticity of the documents, nor have they ever responded to the specific facts authenticating the documents recited in the Reply and the exhibits attached to The Emergency Motion for a Stay. Instead, they rely upon Ms. Blixseth's credibility and attack her former partner – Mr. Montgomery. Significantly, they have produced a document from Mr.

Holahan allegedly not including the critical language I cited in my Response. However, close examination of Mr. Holahan's document reveals *a gap where the critical language does exist on the original hardrive.* See Flynn Supp Dec at **Exhibit 1** attaching the Reply to the Emergency Motion to Stay which is also at Dkt 56 in this appeal. Their allegation that I am somehow in collusion with Mr. Montgomery is absurd. I sought and received sanctions against him and his attorneys and have hundreds of thousands in judgments against him. See *Montgomery v. Etreppid Techs.*, 2009 U.S. Dist. LEXIS 35543 (U.S.D.NV); 2009 WL 910739 (U.S.D.NV).

I have scrutinized Mr. Montgomery's statements on the two documents and subjected the documents to forensic examination. I considered his partnership relationship with Ms. Blixseth, his insider knowledge, the chain of custody issues, and I relied upon the facts and circumstances relating to the contents of the two documents, my knowledge of Edra Blixseth's collusion with Byrne and Burkle, the demonstrably improper rulings of Judge Kirscher regarding her, the intrinsic accuracy of the contents of the documents, and the forensic examination to conclude that the documents are authentic. The

appellees fantastical ruminations about what they claim I relied upon in my professional analysis of the two documents should now be made subject to an evidentiary hearing. Their reliance on Edra Blixseth's credibility is in itself an issue that any independent fact finder would deem misplaced.

4. Mr. Flynn requests the production of all of Judge Kirschers emails between November, 2008 and the present to be examined by an independent referee appointed by the Ninth Circuit.

The appellees are correct that I have no "remorse" about my appeal of the disqualification issues – but not out of any sense of self-righteous ego driven compulsion to be "right." I have been batted around in enough courtrooms over the past 44 years to have very little "ego" left on such matters. Rather, I know that my sworn duty is to advocate for my client; and having been immersed in the facts and law on these matters for 7 years, my professional judgment is that he is the victim of injustice at the hands of manipulative greed-mongers with the complicity of the bankruptcy court. To have remorse in these circumstances would allow falsehood to triumph over fact, lies to triumph over truth, and "evil" to triumph over good. I am enough of a

believer in the morality of the law to still hope that after 44 years "in the pit" there is such a thing as true justice.

<u>CONCLUSION</u>

Independent jurists on the Ninth Circuit must ask themselves if ever in their careers have they seen such a collection of evidence supporting judicial bias, let alone judicial corruption, buttressed by admissions by the central figure in all of these proceedings, Edra Blixseth, now reportedly receiving $70,000 PER MONTH from the Yellowstone Club, stating that the proceedings were rigged, *ie,* "**SB [Sam Byrne] and BS [Brian Schweitzer] have spent enormous capital**

**and political favors to ensure they get the right outcome from the**

**Montana bankruptcy judge.**"

May 1, 2014

<u>/s/ *Michael J. Flynn*</u>

Michael J. Flynn
Counsel for Mr. Blixseth

## CERTIFICATE OF COMPLIANCE

Pursuant to this Court's Order to Show Cause, I certify that this Response is proportionally spaced in serif font (Century style), has a typeface of 14 points, and contains 2,487 words, excluding the parts of the brief exempted by Fed. R. App. P. 32. By consolidating the Replies to both the YCLT and the Cross Harbor, Yellowstone Mountain Club, Debtors, and Sunrise Ridge Responses, in this document, I am under the word limit for a joint reply. This Brief was prepared using Microsoft Word and the word court was determined using the Microsoft Word word count application.


May 1, 2014                                        /s/ Michael J. Flynn

                                                   Michael J. Flynn

**PROOF OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 1, 2014.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that the following individuals are not participants in this appeal but will receive service of the foregoing as they are interested parties to this appeal. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Evan R. Levy
George A. Zimmerman
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

May 1, 2014                                    /s/ Michael J. Flynn

                                                          Michael J. Flynn