# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NO. 12-35986

TIMOTHY L. BLIXSETH

Appellant,

v.

YELLOWSTONE MOUNTAIN CLUB, LLC
YELLOWSTONE DEVEOPMENT, LLC
BIG SKY RIDGE, LLC
YELLOWSTONE CLUB CONSTRUCTION CO., LLC

Appellees.

## MICHAEL J. FLYNN'S RESPONSE TO YELLOWSTONE MOUNTAIN CLUB'S APPLICATION FOR ATTORNEY'S FEES AND COSTS; ORAL ARGUMENT REQUESTED

Appeal from the United States District Court for the District of Montana
Case No. 2:11-73-BU-SEH

Michael J. Flynn
Suite 800
15 Broad St.
Boston, MA 02109
mike@mjfesq.com

**1.** INTRODUCTION ................................................................................................ 1

**2.** ARGUMENT ..................................................................................................... 2

   A.   Mr. Flynn Cannot be Liable for Mr. Patten's Fees and Costs Incurred Prior to Mr. Flynn Making his Appearance .................................................................. 2

   B.   Mr. Patten is not Entitled to Fees and Costs Incurred in Responding to the OSC ................................................................................................................. 3

   C.   The Requested Fees are not Reasonable ...................................................... 4

      **(1)**  If the Appeal was so Frivolous, Appellees Could Have Mitigated their Fees and Costs Sooner ................................................................................. 4

      **(2)**  The Following Amounts Sought by Mr. Patten are Not Reasonable ......... 9

         **(a)**  The Fees and Costs Submitted by Mr. Patten are Wholly Duplicative of the other Appellees and therefore Unreasonable ............................................. 9

         **(b)**  Mr. Patten's Time Preparing for the Oral Argument Should be Reduced ............................................................................................................. 11

      **(3)**  Mr. Patten Cannot Seek Reimbursement of the Following Amounts as a Matter of Law ............................................................................................. 12

**3.** CONCLUSION .............................................................................................. 14

1.     **INTRODUCTION**

Michael J. Flynn hereby responds in opposition to Yellowstone Mountain Club's Application for Attorney's fees and costs (DktEntry 112-1). Mr. Flynn's objections to Mr. Patten's requested $12,467.58 in fees and costs are four-fold: (1) Mr. Flynn cannot be liable for Mr. Patten's requested fees and costs incurred prior to Mr. Flynn even making his appearance in this appeal; (2) Mr. Flynn cannot be liable for fees Mr. Patten requested incurred in seeking fees as a sanction; (3) Mr. Patten requested fees are unreasonable for numerous different factual and legal reasons; and (4) Mr. Patten requested is seeking fees for time incurred on matters for which the Panel did not impose sanctions.

As will be explained below, given the numerous factual and legal defects involving numerous different categories of fees for which Mr. Patten and all the Appellees seek reimbursement, Mr. Flynn requests that the Court impose a total sanction in this appeal of $10,000 to be divided amongst all the Appellees as they see fit.

Should the Commissioner not award the flat $10,000 sanction against Mr. Flynn, Mr. Flynn has dissected the fees sought by Mr. Patten and organized those fees by different categories of work allegedly performed by Mr. Patten to demonstrate how the fees sought are not legally recoverable, duplicative, inflated, unreasonable and otherwise wholly inappropriate as against Mr. Flynn. This organization is contained in the spreadsheet attached hereto as **Exhibit 1** and summarized below in the Conclusion. In the Conclusion, Mr. Flynn summarizes

1

the various categories of unreasonable fees and line items the legally and factually required significant deductions from Mr. Patten's $12,467.58 demand. After aggregating the numerous required deductions, the Commissioner will see that, at most, Mr. Patten is only entitled, if at all, to an award of $2,617.58.

**2. ARGUMENT**

    **A.   Mr. Flynn Cannot be Liable for Mr. Patten's Fees and Costs Incurred Prior to Mr. Flynn Making his Appearance**

Mr. Flynn did not make his appearance in this appeal until August 7, 2013. DktEntry 46. The appellate briefing was concluded a month earlier on July 18, 2013 when Mr. Blixseth submitted his Reply Brief. DktEntry 42.

The Panel stated that it imposed sanctions against Mr. Flynn under 28 U.S.C. § 1927. DktEntry 106, pp. 4. Under 28 U.S.C. § 1927, an attorney can only be liable for an opposing party's attorneys' fees and costs based on that attorney's own conduct, and not the conduct of his or her co-counsel or the party the attorney represents. *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649-650 (9th Cir. 1997) (citing *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995) (stating rule in context of both Section 1927 and inherent powers); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1120-1121 (9th Cir. 2000) ("Any sanctions imposed against the lawyer should be based solely on his own improper conduct without considering the conduct of the parties or any other attorney.") (internal quotations and alterations omitted).

2

While the Panel also stated that it was imposing sanction under F.R.A.P. 38, nothing in F.R.A.P. 38 indicates that an attorney can be liable for the other party's fees and costs incurred in defending against allegedly frivolous briefs that the attorney did not sign and which were filed prior to the attorney making an appearance in the case. *See also N.L.R.B. v. Unbelievable, Inc.*, 71 F.3d 1434, 1441-1442 (9th Cir. 1995) (imposing Rule 38 sanctions on appellant and appellant's original counsel but refusing to impose Rule 38 sanctions against appellant's new counsel who substituted into the appeal after the reply brief was filed); *see also Bakker v. Grutman*, 942 F.2d 236, 240 (4th Cir. 1991) (analyzing issue under Rule 11 and holding that an attorney who substitutes in after a frivolous complaint is filed cannot be sanctioned on a retroactive basis for the frivolous filing of former counsel); *Martin v. Brown*, 63 F.3d 1252, 1264-1265 (3rd Cir. 1995) (stating that any sanction awarded against an attorney, whether under Section 1927, Rule 11, or inherent powers, must be based on that attorney's own conduct, not the conduct of other counsel or the client).

As such, Mr. Flynn cannot, as a matter of law, be liable for any fees and costs incurred by the Appellees before he made is appearance on August 7, 2013. As applied here, Mr. Patten incurred $1,450.00 prior to August 7, 2013 and therefore this Court cannot impose those amount on Mr. Flynn.

    **B.**    **Mr. Patten is not Entitled to Fees and Costs Incurred in Responding to the OSC**

It appears that Mr. Patten is requesting $2,775.00 in responding to OSC. DktEntry 124-1, p. 2. However, according to Mr. Flynn's review of Mr. Patten's

3

invoices, he is requesting $3,175.00 in responding to the OSC. See **Exhibit 1**. Mr. Patten's request is not compensable as a matter of law and is entirely unreasonable. In this Circuit, a sanction award against an attorney cannot include the claimant's fees and costs incurred in seeking the fees and costs. *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 466 (9th Cir. 2010) ("We thus find that the district court erred in including the defendants' attorneys' fees for preparing their motion for sanctions in the sanctions it imposed."). In other words, when sanctions are imposed, the sanctioning court cannot award fees on fees. *Id*. at 462, 466-467. Rather, the amount of sanctions awarded can only relate to the offensive conduct and damage caused thereby. *Id*. at 462, 466-467.

As such, Mr. Patten's request for $3,175.00 to respond to the OSC is not awardable to him as a matter of law.

C. **The Requested Fees are not Reasonable**

  (1) **If the Appeal was so Frivolous, Appellees Could Have Mitigated their Fees and Costs Sooner**

Mr. Blixseth first filed his motion to disqualify the bankruptcy judge in the bankruptcy court on November 30, 2010. ER Vol. III, 233. The bankruptcy judge denied that motion on February 25, 2011. ER Vol. I, 94. Mr. Blixseth timely appealed that denial to the District Court. On November 16, 2012, the District Court affirmed the bankruptcy court's denial of the disqualification motion. ER Vol. I, 1. On November 28, 2012, Mr. Blixseth appealed the District Court's affirmance to this Court. ER Vol. II, 95. On February 18, 2014, the Panel issued

4

its Order to Show Cause why Mr. Flynn should not be sanctioned for being part of the frivolous appeal.

Prior to February 18, 2014, no party or court had ever indicated that Mr. Blixseth's appeal was frivolous. More importantly, in the three and a half years that Mr. Blixseth's disqualification motion was pending (either as a motion or an appeal) no party had ever sought sanctions under Rule 11, Rule 38, 28 U.S.C. § 1927 or inherent powers claiming that the allegations in the disqualification motion were frivolous.

It was not until the appeal was fully completed with an opinion from the Panel that the Panel for the first time claimed that the disqualification motion and related appeals were frivolous. Under these circumstances, it is not reasonable, as a matter of law, to force Mr. Flynn to pay the full freight of the Appellees' attorneys' fees and costs when they could have mitigated those fees and costs three and a half years ago by filing an appropriate sanctions motion claiming that the alleged grounds for disqualification were frivolous. As this Court held in *Yagman*, under these circumstances, "it flies in the face of the primary purpose of sanctions, which is to deter subsequent abuses. This policy is not well served by tolerating abuses during the course of an action and then punishing the offender after the [appeal] is at an end. A proper sanction assessed at the time of a transgression will ordinarily have some measure of deterrent effect on subsequent abuses and resultant sanctions. Such prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose Moreover, the accumulation procedure used at bar 'tends to perpetuate the waste and delay which

5

the rule[s are] intended to eliminate.' …[T]he magnitude of the sanctions [over $200,000 sought] in this case is directly related to the use of this procedure. Abuses were allowed to pass unchecked and, thus, undeterred, and attorney's fees were allowed to accumulate. As a consequence, we are left faced with an unusually large sanctions amount that will, contrary to the policy, impart absolutely no deterrent value to this case. It appears the efficiency achieved by levying two years' worth of sanctions in one post-trial lump has been paid for in wasted judicial resources and money." *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986).

Here, *Yagman* applies perfectly and requires an across the board denial of the Appellees fees and costs. If this appeal was so frivolous as the Panel determined, then it is unreasonable to force Mr. Flynn to pay the full freight of Appellees fees and costs at the end of the appeal when the Appellees, in the prior three and a half years, never asserted the appeal's frivolity. *Yagman*, 796 F.2d at 1185.

Indeed, a party seeking a sanctions award for the other party's frivolous filing or conduct has a duty to mitigate its own fees and costs incurred by the alleged frivolous or wrongful conduct. *United Food & Commercial Workers Union Local No. 115 v. Armour and Co.*, 106 F.R.D. 345, 350 (N.D. Cal. 1985) ("The duty is one of mitigation; it rests on the concept that the victim of a frivolous lawsuit must use reasonable means to terminate the litigation and to prevent the costs of that frivolous suit from becoming excessive. If a party eventually wins rule 11 sanctions, but has failed to use the least expensive route to early resolution, the court may rule that not all the expenses the successful party incurred in making

6

formal motions were reasonable attorney's fees that should be awarded under rule 11.").

As this Court stated in *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986) concerning a proper sanctions award under Rule 11, "[a] party having vigorously resisted a baseless claim may therefore find that the court, in making a [sanctions] award, will consider its expenditures to have been excessive." *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir.1986) (recognizing duty to mitigate in cases of Rule 11 sanctions), *amended*, 803 F.2d 1085 (1986); see also *Divane v. Krull Elec. Co.*, 319 F.3d 307, 321 (7th Cir. 2003) (party seeking an award of fees for sanctions resulting from frivolous litigation itself has a duty "to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently … <u>This entails an examination of the promptness and method of bringing the frivolous conduct to the attention of both the court and the opposing party</u>.") (emphasis added) (quoting *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir.1988)).

Where an appeal is frivolous then the responsive briefing could have been expedited based on the appeal's very frivolity. In such circumstances, it is not reasonable, nor appropriate, to reimburse the appellee for the avoidable fees and costs incurred in responding to a frivolous appeal that, by definition could have been easily dispensed with. Wright & Miller, 16AA Fed. Prac. & Proc. Juris. § 3984.2 (4th ed.) ("After all, in at least some instances the very frivolity that makes the appeal sanctionable should also expedite the drafting of the responsive brief. An appellee who incurs needless costs in opposing a frivolous appeal is not likely

7

to be awarded sanctions that reimburse the avoidable costs, and indeed may be denied any award at all."). Indeed, "[i]f a baseless claim could have been readily disposed of by summary procedures, there is little justification for a claim for attorney's fees and expenses engendered in lengthy and elaborate proceedings in opposition." *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 156 (7th Cir. 1994) (*quoting Dubinsky*, 849 F.2d at 1037).

For example, in *B&H Medical, LLC v. ABP Admin., Inc.*, 534 F.3d 801, 803 (5th Cir. 2008) the appellees requested $152,846.11 in fees and costs under Rule 38 for defending a frivolous appeal. The 5th Circuit believed that the appeal was frivolous but also believed that because it was so frivolous, it was manifestly unreasonable for the appellees to have incurred over $150,000 in fees and costs to defend the frivolous appeal. Therefore, the 5th Circuit reduced the sanction award under Rule 38 to $10,000.

Similarly here, if the appeal was so frivolous as the Appellees now claim, it was manifestly unreasonable and avoidable for them to have incurred over $200,000 in fees and costs in this appeal when they could have mitigated the fees and costs over three years ago by claiming that the disqualification motion was frivolous. Indeed, in this Court they could have sought a summary disposition under Circuit Rule 3-6 based on the alleged frivolity of the appeal. Appellees had their own duty to mitigate their fees and costs incurred relative to the disqualification motion and appeal but failed to do so. That failure now makes their claims for over $200,000 in fees and costs manifestly unreasonable. *Yagman*,

796 F.2d at 1185; *Pollution Control Indus. of Am., Inc.*, 21 F.3d at 156; *Dubinsky*, 849 F.2d at 1037.

Mr. Flynn therefore requests that this Court follow the lead of the 5th Circuit in *B&H Medical* and reduce the fees and costs sought by all the Appellees to $10,000.

### (2) The Following Amounts Sought by Mr. Patten are Not Reasonable

#### (a) The Fees and Costs Submitted by Mr. Patten are Wholly Duplicative of the other Appellees and therefore Unreasonable

If the Court is not inclined to reduce time billed prior to Mr. Flynn's appearance or time associated with responding to the Court's OSC, many time entries listed by Mr. Patten are duplicative. *See* **Exhibit 1**. An award of duplicative fees and costs incurred amongst several law firms and multiple attorneys working on the same briefs is unreasonable as a matter of law and mandates disallowance. *Democratic Party of Wash. v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do."). Here, all the Appellees submitted only one appellate brief. One would have thought that the submission of one appellate brief by three Appellees would have saved significantly on attorneys' fees. Yet, it appears to have had the opposite effect by turning the briefing process into a smorgasbord of attorney conferencing, reviewing, obtaining, interviewing, revising, collecting, preparing and the like. By

9

filing three separate motion's for attorneys' fees, with four different sets of invoices, Mr. Flynn is left with piecing together the thousands of dollars on duplicative work. By reviewing each invoice with the other, Mr. Patten is seeking $3,675.00 in time that is duplicative, block billed or just inappropriate. See **Exhibit 1**.

In seeking an attorney's fees award, a party has a duty to mitigate the fees it incurred. *Yagman*, 796 F.2d at 1185. Moreover, the applicant seeking fees carries the burden of establishing an entitlement to an award and the reasonableness of the fee sought. *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 619-620 (9th Cir. 1993). A party fails to satisfy this duty when it over- lawyers its responses to the sanctionable conduct. *ADO Finance, AG v. McDonnell Douglas Corp.*, 938 F.Supp. 590, 595 (C.D. Cal. 1996); *see White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990), cert. denied, 498 U.S. 1069, 112 L. Ed. 2d 850, 111 S. Ct. 788 (1991); *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987).

In a similar vein, where multiple law firms work on the same particular matter, each law firm must demonstrate that its specific involvement was necessary to their client's success, not just helpful. *Outdoor Systems, Inc.*, 997 F.2d at 620.

Accordingly, a court must eliminate duplicative fees from an attorney's fees award. *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 620 (9th Cir. 1993). Where one attorney reviews another's work, the time spent is duplicative and therefore not recoverable. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). "[C]ourts ought to examine with skepticism claims that several

10

lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

Here, there were three Appellees; the Reorganized Debtors, the Debtors, and the Yellowstone Club Liquidating Trustee with Mr. Glasser as Trustee. All three Appellees filed separate fee applications for their separate law firms. Yet, all three Appellees filed just one Answering Brief signed by just one attorney and that attorney did not represent YMC.

To be entitled to these duplicative fees, this Court made clear in *Outdoor Systems* that the burden fell on Mr. Patten to specifically identify how his duplicative fees were necessary to the success of the appeal, not just helpful. *Outdoor Systems, Inc.*, 997 F.2d at 620. He failed entirely to do so. The same analysis applies to all of Mr. Patten's requested fees inasmuch as he has failed entirely to identify with any modicum of specificity why his firm was necessary to defeat this appeal, not just helpful.

### (b) Mr. Patten's Time Preparing for the Oral Argument Should be Reduced

Mr. Patten indicates that he incurred in$7,100 to prepare for the oral argument. At his rate of $250/hr., this means that Mr. Patten spent 30 hours, or nearly an entire work week, dedicated to preparing for the oral argument. This seems entirely unreasonable in light of the fact that Mr. Patten appears to not have participated, at least not meaningfully, in the appellate briefing in this appeal.

11

Thus, in a very real sense, Mr. Patten's preparation for oral argument was duplicative of the prior time spent by the other Appellees in their briefing. That is, because Mr. Patten did not participate with the other of Appellees' plethora of attorneys in preparing their Answering Brief, Mr. Patten had to personally "start from scratch" in preparing for oral argument even though in doing so, he was necessarily retreading the same ground for which the other Appellees' attorneys had already incurred tens of thousands of dollars worth of time and preparation. In this regard, Mr. Patten's preparation for oral argument was duplicative and Mr. Flynn submits that, at most, the Commissioner should afford Mr. Patten for one work day worth of oral argument preparation, or 7.5 hours, which equates to $1,875. Thereby reducing Mr. Patten's $7,100 incurred for oral argument preparation by $5,225.

### (3) Mr. Patten Cannot Seek Reimbursement of the Following Amounts as a Matter of Law

When a court imposes sanctions against an attorney, the court must specify the particular misconduct and the sanction award must be related to that specific misconduct. *Matter of Yagman*, 796 F.2d at 1184 (rejecting district court's sanctions award based on a generic statement of wrongdoing and holding: "[i]t is crucial, therefore, that a sanctions award be quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority."); *see also Lloyd v. Schlag*, 884 F.2d 409, 413 (9th Cir. 1989). In other

12

words, it is improper for a claimant to seek reimbursement for fees incurred in the litigation that was not the basis for sanctions in the first place.

Here, the Panel stated in its Order to Show Cause that it was seeking to impose sanctions based on the 19 grounds for disqualification that Mr. Blixseth advanced in his appellate briefing that the Panel believed were frivolous. DktEntry 69, p. 1 ("Timothy Blixseth and his attorneys leveled nineteen accusations of misconduct against a bankruptcy judge who ruled against Blixseth. As explained in our opinion, those accusations are wholly without merit."). The Panel again stated in its order imposing sanctions against Mr. Flynn that the imposition of sanctions was on the allegedly meritless grounds for disqualification advanced by Mr. Blixseth in his disqualification motion and resulting appeal. DkEntry 106, p. 2-3, 4.

Thus, the Panel in its Order to Show Cause and resulting order sanctioning Mr. Flynn, imposed sanctions against Mr. Flynn based on the arguments and accusations in the appellate briefing. Nevertheless, Mr. Patten includes in his claim for fees, attorney time incurred on matters not involving the appellate briefing. Specifically, Mr. Patten seeks $4,775.00 in fees for attorney conferences, e-mails. research, reviewing and drafting related to the Court's OSCs, not the appellate brief. DktEntry 112-4, pp. 1-2, 16.

To the extent that the Panel in its August 4, 2015 order levying sanctions against Mr. Flynn purported to sanction him for conduct not related to the briefing, such as supposed breaches of duties of candor to the Court and conduct at oral argument, Mr. Flynn cannot have fees levied against him for such conduct because

13

such conduct was not identified in the Order to Show Cause. It is hornbook law that due process requires a court to specifically identify with particularity the alleged wrongful conduct for which the court seeks to impose sanctions and to give the accused attorney notice and opportunity to respond to those specific allegations. *Foster v. Wilson*, 504 F.3d 1046, 1052-1053 (9th Cir. 2007). Sanctions cannot stand where an attorney is given notice that sanctions may be imposed for certain specified conduct but then the court in imposing sanctions identifies other conduct, not previously specified, as the basis for sanctions. *Id*.

**3. CONCLUSION**

In summary, Mr. Flynn believes that the only reasonable sanction is a blanket $10,000 award payable to the Appellees collectively. However, if the Commissioner disagrees, Mr. Flynn believes the errors explained above require reductions from Mr. Patten's $12,467.58[1] claim as follows:

**Necessary Reductions**

| Category of Improper Fees | Necessary Reduction |
|---|---|
| **Fee Requested** | $12,467.58 |
| Responding to the OSC | ($3,175.00) |

---

[1] Exhibit 1 is a detailed analysis of Mr. Patten's fees and it demonstrates that numerous entries were duplicative; however, the duplicative time was also reduced for other objections (i.e., time related to responding to the Court's OSC); thus the summary does not indicate all the objections raised in Exhibit No. 1.

14

| | |
|---|---|
| Fees Incurred Before Mr. Flynn Made his Appearance | ($1,450.00) |
| Fees for Duplicative Oral Argument Preparation | ($5,225) |
| **Total Fee** | $2,617.58 |

Dated: November 12, 2015

                          /s/ *Michael J. Flynn*
                          Michael J. Flynn

**PROOF OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 12, 2015.

All participants in the case are registered CM/ECF users will be served by the appellate CM/ECF system.

November 12, 2015 /s/ Michael J. Flynn

                                                                                                             Michael J. Flynn